Good morning, Your Honors. May it please the Court. I'm Gary Finn. I'm representing the petitioner, Lucio Ernesto Gomez Alvarenga. Your Honors, when Mr. Gomez filed a motion for reconsideration before the Board of Immigration Appeals, which was on December 5, 2013, that motion showed clear prima facie eligibility for temporary protected status. The Board of Immigration Appeals at that time should have reopened the removal proceedings as a matter of law. We believe, Your Honors, that it was very, very clear that Mr. Gomez's felony conviction for perjury had been vacated. His guilty plea had been withdrawn. That was presented with the motion to reconsider. Is that sufficient, that it's been withdrawn, or does it have to be withdrawn for a particular purpose? Well, it does have to be withdrawn for a particular purpose, Your Honor. This is? It has to be withdrawn based on a legal defect, at least in part on a legal defect in the underlying proceedings at the time of the plea. But not because he's changed his attitude and they're giving him a break, but it's his burden to prove which. Well, I think, Your Honor, it's the burden of the government. I think it's a yes or no. I ask if it was his burden. Is your answer yes or no? Is it no? It's no. Okay. What do you rely on? It seems to be somewhat different. Well, Your Honor, I'm relying on two precedents of this court, Nath v. Gonzalez and Cardoso-Tlaseka v. Gonzalez, both 2006 cases. They're cited in my papers. And both of those cases, Your Honor, I believe clearly stand for the proposition that it's the government's burden to prove that the conviction was not vacated, as you say, Your Honor, just for rehabilitation or to give the fellow a break. That's the government's burden. Now, if this case goes back to the Board of Immigration Appeals and eventually back to an immigration judge, if the government at that time can show that the conviction was vacated only for rehabilitative purposes or because the court, the Superior Court, wanted to give Mr. Gomez a break, then it's not valid for immigration purposes. But the government would have to show that. And that's the holdings, I believe, Your Honor, in both of those cases that I'm citing.  The pleadings in a motion to reopen or reconsider should be accepted as true unless the government can show that they're not true. So in this case, I believe that it was pretty clearly because, well, it's not clear, actually, whether or not, as you say, Your Honor, whether or not it was vacated for rehabilitative purposes. But, like I said, it's the government's burden to prove that. Counsel, can I ask a question, a slightly different question? Sure. One of the problems the BIA was concerned about was the failure to file a certified record. And then there's this printout. I'm going to call it a printout, but it's got a stamp on it from the court, from the state court, that looks like maybe that is the certified record. Yeah, I believe that is a certified record. I'll ask the other counsel the same question, but is it your understanding that issue has fallen out? I don't ‑‑ the only issue that I see the government raising is that the government, I believe, is improperly allocating the burden of proof, as the Board of Immigration Appeals also did. Well, here's what I don't mean to muddy the waters, but you started by saying that your position is that when your client filed a motion to reopen, that he had submitted prima facie eligibility for TPS, and in order to do that, he's got to have record that this state court conviction is no longer a barrier, right? Right. Okay. So one of the stages, because there were two motions, the BIA thought the petitioner had failed to file a certified record of the expungement or vacation, depending on which verb you're going to use. And the thing that's in the document, I'll call it, that's in the record, it looks like a printout from state court, but it's got a stamp on it. Is it your position that that's what I should be looking at, and that is the certified record? Yes, Your Honor. The regulations provide, I believe, that a certified computer printout is a valid way to prove ‑‑ is a valid conviction document that an immigration court can consider. Okay. So your understanding is that you think the government is no longer contesting that? I don't think so. I didn't see that in the government's answering brief. Okay. Well, we'll hear from them in a minute on that point. I just wanted to make sure I'm looking at the right thing, so thank you. Your Honor, at this time, we can hear from them. I'll reserve the balance of my time. That's fine. Thank you. Good morning, Your Honors. May it please the Court, Manuel Palau for the Attorney General, the respondent in this case. The burden here is on Mr. Gomez. He moved after a full hearing to reopen his proceeding on the basis of actions taken by the criminal court. As counsel noted, one who seeks reopening to show eligibility for relief has the burden of showing prima facie eligibility for that relief. Here, that burden can only be met if it's based on a conviction that's blocking eligibility for relief, then he must show prima facie evidence that that conviction is no longer a bar. As Judge Wallace noted, not just any expungement or vacation will cut it for that purpose. In order to no longer be a bar, he must show that the conviction, which is at issue, was vacated or dismissed or reversed on a procedural or substantive defect in the underlying proceeding. That seems to be clear, but the difference between you and your adversary is who has the burden of proof. He asserts two cases he relies on, and I suppose we ought to find out what you rely upon for your side. Well, our argument that it's his burden is because he's the movant filing a motion to reopen. So he's got to convince the board that if they were to reopen the proceeding, that he could prove that he is no longer barred from relief. As far as the cases that counsel cites, Cardozo's Laseca, the Wietersburg, and Estrada Rosales line of cases, those cases are distinguishable. In all those cases, the alien was found removable by reason of a conviction and was removed. Thereafter, the alien filed a motion to reopen based on the vacation of the conviction that served as the basis for the deportation finding. In that case, the court said that if an alien – those are really departure bar cases. In the past, you could not file a motion to reopen after you were removed. The court said in those cases, if a petitioner shows, even after removal, that the conviction on which his removal was based was vacated, that's a prima facie case sufficient to warrant reopening. We don't have any of those circumstances here. Mr. Gomez was not removed on the basis of his fraudulent document conviction. He was ordered removed based on his being present in the U.S. without being inspected or admitted or paroled. Do you have a case that you're going to cite to us where that's been all outlined? They're in our brief, Your Honor. I mean, our primary – the Laseca, Wietersburg, and Estrada Rosales line of cases are mentioned in Petitioner's opening brief. I've just explained why I think those cases are distinguishable and do not control what happens here. As far as the burden being on Mr. Gomez, because he's the movant here, I think that's pretty basic law, that whoever files a motion has the burden of showing that he's eligible, that if reopening is granted, that he'll be able to show what he claims he can show in his motion. And here, it's not enough to submit records showing that your conviction, which is barring your eligibility for TPS, temporary protective status, was expunged or vacated. He's got to show more. He's got to show that it was vacated because of an underlying defect in the underlying criminal proceeding. Can I ask you this? Yes, sir. The docket sheet that we have before us, right? Yes, sir. It has a notation that suggests the conviction was vacated in furtherance of justice under Penal Code Section 1385. And I guess I don't understand why that's not sufficient to at least get him above the prima facie showing. Because all we're doing is guessing. That doesn't indicate, Your Honor, respectfully. All we can do is guess why under CPC 1385 it was vacated. That's not a provision. That's what happened in NAAF. It's the exact same statute. And what we said there was because 1385 permits vacation or expungement, whatever the right word is, on grounds other than rehabilitative purposes and the like, we don't know for sure, as you say, what the precise ground was. But that's where the burden shifts to you as the government to show that it was only on the basis of rehabilitative purposes. I'm not conversant with NAAF, but I would suspect that NAAF is the directly on point. You've never read that case? No, Your Honor. I've heard of it. Was that the ground of removal was the conviction? No. Well, just I want to be clear on this because NAAF is a removability case. This is slightly different, but I don't understand why the standard would differ on that ground. You just alluded to that. Because the government bears the burden of proving removability. But, counsel, NAAF, it's unfortunate you haven't read it because I think NAAF does go straight to the point. On a motion to reopen, what we've got there is the court citing this very same California Penal Code section, 1385, where it's very broad and it might be that the conviction was expunged for a permissible reason and it might be that it wasn't. We can't tell. Just as Judge Watford indicated, I'll just tell you that I read the case the very same way. So at ER 3, in this record, the BIA said that the petitioner is not eligible for relief because his conviction was expunged on rehabilitation ground. That might be right. I don't know where they get that, though, because from that printout you can only tell that it was dismissed, pursuant to this very broad, and I'll say overly broad, California statute. Okay. Where they get that, Your Honor, is that back in 2006, this same conviction has undergone several proceedings. Yes. I've got the whole timeline. All right. So it was originally expunged under CPC 1203.4, and there are two board precedents stating that an expungement under that provision still retains immigration consequences. It is not a defect in the inline proceeding. Which is why we're looking at the last one. Correct. That Judge Wofford has circled in red, and I do, too. It's the one that's where they use the word. I'm not trying to be flip. It's where the second one, just to be clear, where they use the word dismissed and they're citing California Penal Code Section 1385, which I think is exactly what happened in Nass. All right. I spent a little time on this because it's a quirky result that the government would have the burden, but I think that's what we said in Nass. Well, I would say is I believe, again, I'm not conversant in that. My apologies. There are other line of cases which I believe in the Sixth Circuit, but in there, if the basis for the removal is the conviction that's at issue, and you perhaps show a vacation or whatever happened under 1385, then, yes, I totally agree it's the government's burden to show. The government shifts back to the burden to show removability. Removability is not at issue here. So if Nass, all I would say to the court is if Nass is a case where the removal was based on the conviction, I believe that's distinguishable here because all we're talking about here is does this conviction bar him from temporary protective status? That's the only relief he sought in his motion to reopen. He's saying, please reopen my case. I want to apply for TPS. I understand. So if that's, I would just ask the court to consider that possible distinction if that, in fact, is the case in Nass. I don't believe that was cited in the. It was. You should have read it. All right. I apologize. But I do believe that. All right. So if Nass does say that in your context of seeking relief on reopening, the burden shifts to the government, that's sufficient, then that may control the outcome of the case. Our argument, our position is that by looking at the minutes here, the board could not figure out whether the conviction was vacated on substantive grounds or not. And. The board's, the problem with the board's decision is that they apparently just stopped reading the docket sheet, you know, up above and didn't realize that there was actually a second proceeding under 1385 that related to the exact same conviction. The only reference that other statute, whatever it is, 12 0 3. I can't remember. I know what you mean. Yeah. Yeah. Then that earlier proceeding, I think you'd be absolutely right. If that's all we had, he would lose. But the problem is the board didn't then further analyze the fact that there was the second proceeding under a different statute, which are precedent in NASA as he gets at least a chance to go back to the IJ. And then you can litigate whether, in fact, the ground under 1385 was for a legitimate purpose or not. All right. I would. I don't dispute that the board did not specifically address that section. I would state that the motion was rather ambiguous or vague on that. He referenced it and just said the sentence was vacated in both the first and second motions. You can't just ‑‑ I mean, I understand he submitted the minutes of the proceedings, but he's making the motion, I believe it's the council's burden or the petitioner's burden or the movement's burden to explain why this conviction should no longer bar him from eligibility. He didn't really do that. He kind of said here's some minutes that may have some bearing on this issue. Let's reopen the case and figure it out, which I don't think meets the heavy burden for reopening. Your time is up. Thank you, counsel. Thank you, Your Honor. Thank you. You've reserved some time. Would you like to be heard? You're going to need to come to the podium if you want to be heard. Okay. Thank you, Your Honor. Just briefly, it seems that the court is agreeing with my position that the Nath case is controlling. I think it is. As the court pointed out, if there was only the 1203.4 expungement from 2006, we would agree that would not be enough to show prima facie eligibility for TPS. But since my client, Mr. Gomez, went back, made another motion under Penal Code Section 1385, and that was granted, that does meet his burden of showing prima facie eligibility. As Judge Watford said, I think that the government would have an opportunity at the remanded proceedings if the government believed that the conviction was vacated only because of Mr. Gomez's rehabilitation. Thank you. Did you cite Nath in your brief? I did, Your Honor. Yes. I couldn't see in your cases cited where you had. It's buried. I do remember that. You didn't cite it nearly as prominently as I would have expected you to. Perhaps I should have, but it's in the reply brief. You might find it there for sure. Any further questions, Judge Watford? We don't have any further questions. Okay. Thank you, Your Honor. Thank you. Call the next case on the calendar, please.
judges: Wallace, Christen, Watford